James M. McDonnell, Esq. (Bar ID #030572001)
Joshua D. Allen, Esq. (Bar ID #0244552018)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908)795-5200
Attorneys for Defendant AM Retail Group, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN L. TAYLOR,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SHAWNDALE JACKSON, TRACEY GEORGE, AM RETAIL GROUP, WILSON'S LEATHER, and JEFF ACKMAN,<br><br>　　　　　　Defendants. | Civil Action No.:<br><br>**NOTICE AND PETITION FOR REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, ESSEX COUNTY** |

TO:　William T. Walsh, Clerk of Court　　　Brian L. Taylor
　　　Martin Luther King Building & U.S.　　120 Vassar Ave., Apt. 3
　　　Courthouse　　　　　　　　　　　　　Newark, New Jersey 07112
　　　50 Walnut Street, Room 4015
　　　Newark, New Jersey 07101

Defendant, AM Retail Group, Inc. ("AM Retail"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, respectfully submits this Notice and Petition for Removal of a Case from the Superior Court of New Jersey, Law Division, Essex County, bearing Docket No. ESX-L-006615-19, and as grounds for removal allege as follows:

　　　　1.　　On or about August 29, 2019, Plaintiff, Brian Taylor, filed a civil action captioned Brian Taylor v. Shawndale Jackson, Tracey George, AM Retail Group, Wilson's Leather, and Jeff Ackman, Docket No. ESX-L-006615-19, in the Superior Court of New Jersey, Law Division,

Essex County. A true and correct copy of the Complaint in that action is attached hereto as Exhibit A.

2.  Plaintiff effected service upon AM Retail on February 24, 2020, which is within thirty (30) days of the filing of this notice and petition for removal. The summons and complaint were the initial pleadings received setting forth the claims upon which Plaintiff's action is based. Plaintiff has not effectuated service upon any other defendant, and thus, their consent is not required. See Thompson v. Mobile Communs., Civil Action No. 98-4691, 1999 U.S. Dist. LEXIS 5614, at *11 (D.N.J. Apr. 19, 1999) ("In general, all defendants must consent to the removal. . . However, an exception to this general rule exists for codefendants who have not yet been served in the action.") (citations omitted); Xia Zhao v. Skinner Engine Co., No. 11-2536, 2011 U.S. Dist. LEXIS 99471, at *7 n.5 (E.D. Pa. Sep. 1, 2011) ("It is well established that a defendant that has not been served at the time the removing defendants file their notice of removal is not required to join in the notice of removal or otherwise consent to removal.") (citation omitted). An executed consent to the removal from the only individual defendant (Shawndale Jackson) served on February 24, 2020, is attached hereto as Exhibit B.

3.  This notice and petition is timely filed within the provisions of 28 U.S.C. § 1446(b), as AM Retail has effectuated removal within thirty (30) days of receipt by it of a paper from which it could first be ascertained that this action is removable.

4.  No proceedings have taken place in the state court action. AM Retail has not served an answer or responsive pleading to Plaintiff's Complaint or made any appearance or argument before the Superior Court of New Jersey.

5.  Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 as this action involves claims that relate to

the laws of the United States – specifically, the Fair Labor Standards Act ("FLSA"), the Family Medical Leave Act ("FMLA"), and Americans with Disabilities Act ("ADA").

6. In Form A of his Complaint, Plaintiff claims violations of the Fair Labor Standards Act, the Family Medical Leave Act, and the Americans with Disabilities Act. (See Exhibit A, Complaint, Form A, ¶¶ 2,3).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

8. AM Retail files this Notice of Removal without waiving any defense to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted. AM Retail further files this Notice of Removal without conceding that all defendants are properly named in the Complaint.

9. Pursuant to 28 U.S.C. § 1446(d), AM Retail has given written notice of the removal of this action to all adverse parties and has filed a copy of this notice with the Clerk of the Superior Court of New Jersey, Law Division, Essex County.

WHEREFORE, AM Retail respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Essex County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

By: *s/ James M. McDonnell*
James M. McDonnell
Joshua D. Allen

JACKSON LEWIS P.C.

Dated: March 23, 2020

4819-9818-3863, v. 1

3

# EXHIBIT A

# SUMMONS

Attorney(s) **Brian L. Taylor (Pro-Se)**
Office Address **120 Vassar Avenue Apt #3**
Town, State, Zip Code **Newark, N.J. 07112**

Telephone Number **862-340-9105**
Attorney(s) for Plaintiff

**Brian L. Taylor a.k.a.
Brian Inbane**
Plaintiff(s)

vs.

**Shawndale Jackson and
Tracey George (AM Retail and Wilson's
Leather Store) Jeff Ackman**
Defendant(s)

**Superior Court of
New Jersey**

**Union** County
**Civil** Division
Docket No: **ESX L- 006619 19**

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Michelle M. Smith, Esq.
Clerk of Superior Court

_____
Clerk of the Superior Court

DATED: **2/12/20**
Name of Defendant to Be Served: **Shawndale Jackson and Tracey George (AM Retail and Wilson's Leather Store) Jeff Ackman**
Address of Defendant to Be Served: **Wilson's Leather /AM Retail
The Mills at Jersey Gardens
651 Kapkowski Rd Ste # 2068
Elizabeth, NJ 07201**

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

## Form A

**Plaintiff or Filing Attorney Information:**

Name Brian L. Taylor a.k.a. Brian Dobard

NJ Attorney ID Number _____

Address 120 Vassar Avenue Apt #3
Newark, New Jersey 07112

Telephone Number 862-340-9105

AUG 16 2019

|   |   |
|---|---|
| Brian L. Taylor a.k.a. Brian Dobard<br>Plaintiff,<br><br>v.<br><br>Shawndale Jackson and<br>Tracey George (Am Retail,<br>and Wilson's Leather Store)<br>Jeff Ackman<br>Defendant(s). | Superior Court of New Jersey<br>Law Division Essex County<br>Civil Part<br>Docket No: _____<br>(to be filled in by the court)<br><br>Civil Action<br><br>**Complaint** |

Plaintiff, Brian L. Taylor a.k.a. Brian Dobard, residing at
(your name)

120 Vassar Avenue Apt #3, City of Newark
(your address)                                       (your city or town)

County of Essex
(your county)

State Of New Jersey, complaining of defendant, states as follows:

1. On April 12, 2019, Shawndale Jackson, Defendant
   (name of person being sued)

(Summarize what happened that resulted in your claim against the defendant. Use additional pages if necessary.)

(See Attached)

_____

_____

_____

The defendant in this action resides at 651 Kapkowski Road Elizabeth, NJ
                                       (defendant's address)

In the County of Union, State of New Jersey.
               (name of county where defendant lives)

2. Plaintiff is entitled to relief from defendant under the above facts.

$15 million dollars.

Revised 11/17/2014, CN 10553
Revised 11/01/2013, CN 11210

page 6 of 7

## Form A

3. The harm that occurred as a result of defendant's acts include: (list each item of damage and injury)

   1. Claimant Brian L. Taylor a.k.a. Brian Inhart received and sustained prolonged disparate treatment from Store Manager Shaundae Jackson while working (on two occasions) at Wilson's Leather Store (Am Retail) which ended with his termination by said manager on 4/12/19
   
   2. Claimant further charges that Store Manager Jackson violated the Fair Labor Standards Act (on two occasions) by not paying the claimant a comparable minimum wage in relation to his other Part-Time Job.
   
   3. Claimant also charges that as a result of the 4/12/19 Termination that he, who has a Disability, suffered a severe relapse of his symptoms because of the prior injury suffered and is also charging Store Manager Jackson w/ violation of ADA or American with Disabilities Act. (See Attachment)

Wherefore, plaintiff requests judgment against defendant for damages, together with attorney's fees, if applicable, costs of suit, and any other relief as the court may deem proper.

Dated: 8/15/19   Signature: _____

## CERTIFICATION OF NO OTHER ACTIONS

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated: 8/15/19   Signature: _____

**OPTIONAL:** If you would like to have a judge decide your case, do not include the following paragraph in your complaint. If you would prefer to have a jury to decide your case, please sign your name after the following paragraph.

## JURY DEMAND

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court Rules 1:8-2(b) and 4:35-1(a).

Dated: 8/15/19   Signature: _____

**Form A (Additional Attached Information for Wilson's Leather/ AM Retail)**

Claimant Brian L. Taylor a.k.a. Bras Dobane was in the process of cleaning the floor as the store had been closed as of thirty minutes (9:00 PM with no Customers present) when a young colleague of his or, Kirvenson was speaking with the Store Manager Shawndale Jackson, when he (Kirvenson) started crying uncontrollably as while he started to exit the store. This behavior seemed strange to Claimant Taylor a.k.a. Dobane because one, he had never seen Kirvenson this upset before (crying) and second, exiting the store ahead of the rest of the Staff as there was still much cleaning left to perform before all would/could leave for the night.

Besides Kirvenson and Manager Shawndale Jackson, was fellow employee Bryan Velez and Claimant Brian L. Taylor a.k.a. Bras Dobane present. At that point Claimant Taylor a.k.a. Dobane then said to Employee Velez and stated that "If you (Employee Velez) had anything to do with the reason for Kirvenson's behavior that he (Taylor a.k.a. Dobane) would slam you (Employee Velez) on his fucking neck," but did nothing more and said nothing more.

Claimant Taylor a.k.a. Dobane was then told to "clock-out," and leave the store by Store Manager Jasckson. Note: *Claimant Taylor a.k.a. Dobane fully complied with the wishes of Store Manager Jackson without a word, action, or even a glance as his face stayed aimed at the floor as he too, exited both the store location as well as the Shopping Mall itself for the night (as both Store Cameras as well as Mall Security Cameras will show).*

The following afternoon while at his first job, or CDS/Advantage Solutions (located inside of COSTCO of Union, NJ 07083) Claimant Taylor a.k.a. Dobane had completed his shift for the day and was on his back to his Event Manager's Office to "clock-out," when, out of duress, he placed a phone call to Store Manager Jackson (while mid floor in the store) where he was told by Manager Jackson that we has being officially terminated for "Creating A Hostile Work Environment," while working at Wilson's Leather Store (located at The Mills at Jersey Gardens in Elizabeth, NJ 07201) the evening before to which, Claimant Taylor a.k.a. Dobane simply hung-up, where he was then subsequently terminated by his Event Manager Marc Sullivan at CDS/Advantage Solutions (COSTCO) for insubordination because he was on his phone while on duty.

Claimant Taylor a.k.a. Dobane further states that on two occasions Wilson's Leather (AM Retail) Store Manager Shawndale Jackson willingly violated the **Fair Labor Standards Act** for failing to pay him a more comparable minimum wage as compared to his other Part-Time Job at CDS/ Advantage Solutions. Claimant Taylor a.k.a. Dobane also charges that Store Manager Jackson also willfully violated the **Family and Medical Leave Act** when he did not attempt to probe further into the nature of why the Claimant felt the need to threaten Employee Velez and conclude that Family and Medical Leave may have been a more prudent solution rather than immediate Termination on 4/12/19, some 20 hours after the initial incident.

As a result of the Termination, Claimant Taylor a.k.a. Dobane, who has a Disability suffered a severe relapse of his symptoms after the prolonged and much sustained desperate treatment by Store

Manager Jackson to which he also seeks Personal Injury (Mental) relief as well as relief from Store Manager Jackson's (and AM Retail's) violation of ADA or The American With Disabilities Act.

Finally, Claimant Taylor a.k.a. Dobane charges Store Manager Jackson with perjury, when during a telephonic Department of Labor Appeals Hearing (performed telephonically and under Oath) Store Manager Jackson stated that Claimant Taylor a.k.a. Dobane was given an Employee Handbook as well as a copy of Wilson's Leather Store/ AM Retail's "Code Of Conduct," to which he stated that Claimant Taylor a.k.a. Dobane not only received but submitted with signature to AM Retail Corporate Headquarters which never happened. This fact was made clear by Claimant Taylor a.k.a. Dobane to all parties involved who participated in the Hearing.

It is also worthy to not that Store Manager Jackson also (on two occasions) never trained Claimant Taylor a.k.a. Dobane upon hiring on each tenure of work while with Wilson's Leather Store (AM Retail), but only limited this vital immersion into company culture by only giving him a glancing 15 minute group orientation of the Store's selling floor and its many Name Brand Departments, to which others with the company were given 'actual,' training at this pivotal point of employment hiring phase.

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

| Field | Value |
|---|---|
| PAYMENT TYPE: | ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

**ATTORNEY / PRO SE NAME:** Gray Brian L. Taylor a.k.a. Tabare
**TELEPHONE NUMBER:** 862-340-9109
**COUNTY OF VENUE:** Essex

**FIRM NAME (if applicable):**

**DOCKET NUMBER (when available):**

**OFFICE ADDRESS:** 120 Vassar Avenue Apt #3, Newark, New Jersey 07112

**DOCUMENT TYPE:** Lawsuit

**JURY DEMAND:** ☒ YES ☐ NO

**NAME OF PARTY (e.g., John Doe, Plaintiff):** Shawndale Jackson (or) Jeff Ackerman (AM Retail), Tracey Gogg

**CAPTION:** Brian L. Taylor a.k.a. Gray, Tabare V. AM Retail: Shawndale Jackson, Jeff Ackerman

**CASE TYPE NUMBER:** 005 & 618

**HURRICANE SANDY RELATED?** ☐ YES ☒ NO

**IS THIS A PROFESSIONAL MALPRACTICE CASE?** ☐ YES ☒ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**RELATED CASES PENDING?** ☐ YES ☒ NO
**IF YES, LIST DOCKET NUMBERS:**

**DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?** ☐ YES ☒ NO

**NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known):** ☐ NONE ☒ UNKNOWN

---

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?** ☒ YES ☐ NO

**IF YES, IS THAT RELATIONSHIP:** ☒ EMPLOYER/EMPLOYEE ☐ FAMILIAL ☐ FRIEND/NEIGHBOR ☐ BUSINESS ☐ OTHER (explain)

**DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?** ☐ YES ☒ NO

**USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:** Not currently although this fact may change due to other claims soon to be filed and heard.

**DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?** ☒ YES ☐ NO
**IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION**

**WILL AN INTERPRETER BE NEEDED?** ☐ YES ☒ NO
**IF YES, FOR WHAT LANGUAGE?**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

**ATTORNEY SIGNATURE:** [signature]

# EXHIBIT B

James M. McDonnell, Esq. (Bar ID #030572001)
Joshua D. Allen, Esq. (Bar ID #0244552018)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908)795-5200
Attorneys for Defendant AM Retail Group, Inc.

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN L. TAYLOR, | : Civil Action No.: |
| Plaintiff, | : |
| vs. | : DECLARATION OF CONSENT TO : REMOVAL |
| SHAWNDALE JACKSON, TRACEY GEORGE, AM RETAIL GROUP, WILSON'S LEATHER, and JEFF ACKMAN, | : : : |
| Defendants. | : |

Shawndale Jackson, being duly sworn, according to his oath, hereby deposes and says:

1. I am a current employee of Wilsons Leather and a named defendant in this matter. I make this Declaration in connection with the removal application by co-defendant AM Retail Group, Inc., which is a named defendant and the parent company to Wilsons Leather.

2. I consent to the removal of this action to the United States District Court for the District of New Jersey.

3. By making this Declaration, I do not submit to personal jurisdiction before the U.S. District Court, and reserve all my rights and defenses, including failure to state a claim upon which relief may be granted, lack of personal jurisdiction, and lack of service of process.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Shawndale Jackson

Dated: March 23, 2020

4818-1311-7111, v. 1

2