**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN L. TAYLOR,<br><br>*Plaintiff*,<br><br>v.<br><br>AM RETAIL GROUP, INC.; SHAWNDALE JACKSON; TRACEY GEORGE; WILSON'S LEATHER; & JEFF ACKMAN<br><br>*Defendants*. | Civil Action No. 20-3158 (JMV) (JSA)<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Brian L. Taylor has filed an application to prosecute his appeal to the United States Court of Appeals for the Third Circuit *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 124. The Court has reviewed Plaintiff's application. And it

**APPEARING** that 28 U.S.C. § 1915(a)(1) provides in relevant part that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor," 28 U.S.C. § 1915(a)(1); and it further

**APPEARING** that Federal Rule of Appellate Procedure 24(a)(1) provides that,

> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; claims an entitlement to redress; and states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1)(A)-(C); and it further

**APPEARING** that Rule 24(a)(2) provides that, "[i]f the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise.  If the district court denies the motion, it must state its reasons in writing." Fed. R. App. P. 24(a)(2); and it further

**APPEARING** that Rule 24(a)(3) provides that,

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: he district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or a statute provides otherwise.

Fed. R. App. P. 24(a)(3)(A)-(B); and it further

**APPEARING** that to prosecute an appeal in the United States Court of Appeals for the Third Circuit, an appellant must pay a filing fee of $505, in addition to the $5 fee required by 28 U.S.C. § 1917; and it further

**APPEARING** that on February 2, 2022, Plaintiff entered a notice of appeal, appealing to the Third Circuit an adverse decision of Judge Allen.  D.E.123; and it further

**APPEARING** that on that same day, Plaintiff filed the instant motion for leave to appeal *in forma pauperis*, which was returnable on March 7, 2022.  D.E. 124; and it further

**APPEARING** that as part of Plaintiff's motion, Plaintiff completed the long-form application to proceed *in forma pauperis*. *Id.*; and it further

**APPEARING** that Defendants have not opposed Plaintiff's motion.  And it further

**APPEARING** that Plaintiff's monthly income exceeds his monthly expenses, leaving him just under one thousand dollars of disposable income per month, *compare id.* at 2, *with id.* at 5, establishing that Plaintiff is able to pay the costs of prosecuting his appeal, *see Durham v. Davis*, No. 19-19126, 2021 WL 3604783, at *1 (D.N.J. Aug. 13, 2021) (requiring plaintiff to further establish inability to pay where incarcerated pro-se plaintiff had "account balance well in excess of $1,000[,]" which was not spent towards his maintenance); and it further

**APPEARING** that the exception to Rule 24(a)(1) recognized Rule 24(a)(3) does not apply because the Court had not permitted Plaintiff to proceed *in forma pauperis* in the district-court action,

Accordingly, and for good cause shown,

IT IS on this 8th day of March, 2022,

**ORDERED** that Plaintiff's application to appeal *in forma pauperis*, D.E. 124, is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall send a copy of this Order to Plaintiff by regular mail.

John Michael Vazquez, U.S.D.J.