**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRIAN L. TAYLOR,<br><br>*Plaintiff,*<br><br>v.<br><br>AM RETAIL GROUP, INC.; SHAWNDALE JACKSON; TRACEY GEORGE; WILSON'S LEATHER; & JEFF ACKMAN<br><br>*Defendants*. | Civil Action No. 20-3158 (JMV) (JSA)<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Brian L. Taylor has filed an application to prosecute an appeal to the United States Court of Appeals for the Third Circuit *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 146. The Court has reviewed Plaintiff's application. And it

**APPEARING** that 28 U.S.C. § 1915(a)(1) provides in relevant part that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor," 28 U.S.C. § 1915(a)(1); and it further

**APPEARING** that Federal Rule of Appellate Procedure 24(a)(1) provides that,

> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; claims an entitlement to redress; and states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1)(A)-(C); and it further

**APPEARING** that Rule 24(a)(2) provides that, "[i]f the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing." Fed. R. App. P. 24(a)(2); and it further

**APPEARING** that Rule 24(a)(3) provides that,

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: he district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or a statute provides otherwise.

Fed. R. App. P. 24(a)(3)(A)-(B); and it further

**APPEARING** that to prosecute an appeal in the United States Court of Appeals for the Third Circuit, an appellant must pay a filing fee of $505, in addition to the $5 fee required by 28 U.S.C. § 1917; and it further

**APPEARING** that on February 2, 2022, Plaintiff entered a notice of appeal, appealing to the Third Circuit an adverse decision of Judge Allen. D.E.123; and it further

**APPEARING** that on that same day, Plaintiff filed a motion for leave to appeal *in forma pauperis*. D.E. 124; and it further

**APPEARING** that this Court, in an order and opinion dated March 8, 2022, denied Plaintiff's motion. D.E. 137; and it further

**APPEARING** that on March 28, 2022, Plaintiff refiled the same motion on this Court's docket, this time addressing the motion to the Clerk of Court for the United States Court of Appeals for the Third Circuit.  D.E. 146.  No response to that motion was filed on the docket; and it further

**APPEARING** that on June 30, 2022, the Third Circuit dismissed Plaintiff's appeal "for lack of appellate jurisdiction."  D.E. 168 at 1; and it further

**APPEARING** that Plaintiff's motion for leave to appeal *in forma pauperis* was thereby rendered moot,

Accordingly, and for good cause shown,

IT IS on this 12th day of August, 2022,

**ORDERED** that Plaintiff's motion to appeal *in forma pauperis*, D.E. 146, is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall send a copy of this Order to Plaintiff by regular mail.

_____
John Michael Vazquez, U.S.D.J.