UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN L. TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>AM RETAIL GROUP, INC., *et al.*,<br><br>    Defendants. | Civil Action No. 20-03158 (JXN)(JSA)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is the Report and Recommendation ("R&R") issued by the Honorable Jessica S. Allen, U.S.M.J. ("Judge Allen"), dated November 14, 2023 (ECF No. 254) recommending the Court (1) grant Defendants AM Retail Group, Inc. and Shawndale Jackson's (collectively, "Defendants") cross-motion to dismiss Plaintiff Brian L. Taylor's ("Plaintiff") complaint (ECF No. 243) with prejudice for failure to comply with discovery orders; and (2) deny Plaintiff's motion to extend fact discovery (ECF No. 241) as moot. The Court has conducted a *de novo* review of the R&R, the parties' submissions, and the record before the Court. For the reasons set forth below, the Court **ADOPTS** Judge Allen's R&R. Defendants' cross-motion to dismiss Plaintiff's Complaint is **GRANTED**, and Plaintiff's motion to extend discovery is **DISMISSED AS MOOT**.

I. **BACKGROUND**

Plaintiff filed this action in the New Jersey Superior Court in August 2019; Defendants timely removed to this Court on March 23, 2020. (*See* Complaint ("Compl."), ECF No. 1.) The Complaint alleges employment-related discrimination and statutory claims arising from Plaintiff's termination by Defendants, including claims under Title VII, the New Jersey Law

Against Discrimination, the Family and Medical Leave Act, the Fair Labor Standards Act, and the Americans with Disabilities Act. (*Id.*)

After repeated discovery extensions, Judge Allen issued a June 15, 2023 Order directing the parties to meet, confer, and schedule fact-witness depositions, extending the fact-discovery deadline to August 30, 2023, and warning the parties that no further extensions would be granted absent extenuating circumstances. (*See* June 15, 2023 Order, ECF No. 221.) The June 15, 2023 Order memorialized that the parties had substantially completed written discovery and detailed the Court's conclusions regarding third-party productions. (*Id.* at 1–2.) The Order noted that defense counsel had received voluminous records from the Social Security Administration ("SSA") after protracted effort, but that Plaintiff did not execute and return a requested SSA authorization until May 2, 2023. (*Id.*) The Order also denied Plaintiff's requests for additional records from the New Jersey Department of Labor and Workforce Development ("NJDOL") to the extent that Plaintiff failed to show the additional material's relevance to his discrimination-based claims. (June 15, 2023 Order at 2–3.) Judge Allen directed the parties to meet and confer concerning deposition scheduling, to submit short letters by July 7, 2023, confirming agreed dates (or advising of disputes), and to complete all fact discovery by August 30, 2023; Judge Allen expressly cautioned that "there shall be no further extensions of the fact discovery deadline absent extenuating circumstances." (*Id.* at 5.)

On June 20, 2023, however, defense counsel informed Judge Allen that Plaintiff refused to meet and confer about scheduling depositions. (ECF No. 222.) Plaintiff did not object to the June 15, 2023 Order, but filed a motion to adjourn the case (ECF No. 225), which the Court denied (ECF No. 226).

Judge Allen then issued a July 19, 2023 Order requiring Plaintiff to provide defense counsel by July 28, 2023 with his availability to be deposed and ordered Plaintiff's deposition to

2

be completed by August 15, 2023. (July 19, 2023 Order, ECF No. 227.) The parties scheduled Plaintiff's in-person deposition for August 3, 2023. (ECF No. 232.) Two days before his scheduled deposition, defense counsel informed Judge Allen that Plaintiff would not appear; Plaintiff argued that he did not consent to an in-person deposition and instead requested that the proceeding be held virtually. (ECF No. 233.)

Thereafter, Judge Allen entered an August 4, 2023 Order granting Defendants' request for Plaintiff's deposition to take place in person, and scheduling the deposition for August 15, 2023. (Aug. 4, 2023 Order, ECF No. 236). The August 4, 2023 Order warned that Plaintiff's failure to appear could result in sanctions, including dismissal. (*Id.*)

Four days before his deposition, defense counsel informed Judge Allen that Plaintiff was "only tentatively available" for his deposition "because his request for a disability interpreter and the location of the deposition were outstanding issues that needed to be addressed." (R&R (quoting ECF No. 237).) Accordingly, Judge Allen entered an August 14, 2023 Order that Plaintiff's deposition was to take place at defense counsel's law office the next day at 10:00 a.m. (Aug. 14, 2023 Order, ECF No. 239.) Defense counsel appeared on the scheduled date; Plaintiff did not, and the record contains no satisfactory explanation for his failure to comply with the Court's orders. (*See* Defs.' Letter, ECF No. 240; Defs.' Moving Br., ECF No. 243.)

On August 31, 2023, Defendants moved to dismiss the Complaint with prejudice pursuant to Federal Rules of Civil Procedure[1] 37(b)(2) and 41(b) because Plaintiff refused to participate in court-ordered discovery. (Defs.' Moving Br.) Plaintiff responded with a motion to extend fact discovery filed August 17, 2023. (Pl.'s Mot. to Extend, ECF No. 241.)

Judge Allen filed an R&R on November 14, 2023 addressing the competing motions. (*See* R&R, ECF No. 254.) Judge Allen considered the parties' submissions, the procedural

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

history, and the governing authority. (*See id.* at 2–7.) The R&R summarized the operative facts and concluded, after applying the *Poulis* six-factor balancing test[2]—that dismissal with prejudice was warranted. (*Id.* at 7–10.) In particular, the R&R emphasized Judge Allen's repeated orders directing Plaintiff to provide deposition dates and to appear, the explicit warnings that failure to comply could result in dismissal, and Plaintiff's failure to oppose the cross-motion despite two extended deadlines to do so. (*Id.*)

Plaintiff thereafter moved for reconsideration of the R&R. (Mot. for Recons., ECF No. 255.) Defendants opposed Plaintiff's motion. (Defs.' Opp'n to Recons., ECF No. 259.) On December 26, 2023, Judge Allen denied Plaintiff's motion for reconsideration, explaining the narrow standards for reconsideration under Local Civil Rule 7.1(i) and concluding that "Plaintiff ha[d] not met the standard insofar as he ha[d] not articulated a fact or law overlooked by the Court." (Order Denying Recons., ECF No. 260.) Ultimately, Plaintiff did not file a timely objection to the R&R in accordance with 28 U.S.C. § 636(b)(1), Rule 72(b)(2), and Local Civil Rule 72.1(c)(2). Accordingly, the matter came before this Court for review of the R&R and the underlying record.

## II. <u>LEGAL STANDARD</u>

When the magistrate judge addresses "dispositive" motions, such as motions to dismiss, the magistrate judge submits an R&R to the District Court. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]. The judge may also receive further evidence or recommit the matter to the magistrate [judge] with instructions." 28

---

[2] *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (articulating six factors guiding dismissal for failure to prosecute or comply with court orders, including (1) personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willfulness or bad faith, (5) availability of lesser sanctions, and (6) meritoriousness of the claim); *see also* R&R at 6–9 (analyzing each *Poulis* factor and concluding that the balance "strongly weighs in favor of dismissal of the case").

U.S.C. § 636(b)(1)(C); *see also* L. Civ. R. 72.1(c)(2). An R&R does not have force of law unless and until the Court enters an order accepting or rejecting it. *See, e.g.*, *United Steelworkers of Am., AFL-CIO v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

With respect to dispositive motions, the district court must make a *de novo* determination of those portions of the R&R to which a litigant objected. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F.Supp.2d 229, 231 (D.N.J. 2002); *Zinberg v. Wash. Bancorp, Inc.*, 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a *de novo* review of the parts of the report to which the parties object). A magistrate judge's ruling on a non-dispositive matter will be reversed only for an abuse of discretion. *See, e.g., Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion.").

### III.  DISCUSSION

As an initial matter, this Court has reviewed the R&R *de novo* and agrees in all respects with Judge Allen's reasoning. Judge Allen's R&R is fact-bound and correctly applies controlling Third Circuit doctrine to the record before the Court. The R&R recommends dismissal of the Complaint after a careful accounting of the parties' discovery history and Judge Allen's repeated admonitions that continued noncompliance could result in dismissal. (*See* R&R at 2–5.) The question before this Court is limited: whether Judge Allen's recommendation should be adopted, modified, or rejected, considering the record, the parties' submissions, and applicable law.

#### A.  Procedural Threshold — Objections and Reconsideration

As a threshold matter, Plaintiff did not file timely, specific Rule 72(b) objections that would ordinarily trigger *de novo* review of Judge Allen's factual findings and legal conclusions.

5

*See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2). Instead, Plaintiff filed a motion for reconsideration (Mot. for Recons.), which Judge Allen properly denied for failing to identify a controlling decision or a fact overlooked by the court. (*See* Order Denying Recons. at 2.) The denial reiterated the well-established rule that motions for reconsideration are extraordinary relief appropriate only where there is (1) an intervening change in controlling law, (2) newly available evidence, or (3) a need to correct clear error or prevent manifest injustice. *Banda v. Burlington County*, 263 F. App'x 182, 183 (3d Cir. 2008) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); L. Civ R. 7.1(i) (party requesting reconsideration must "concisely" set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."); *see also Yurecko v. Port Auth. Trans. Hudson Corp.*, 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (A party's "mere disagreement" with a decision does not warrant reconsideration).

As stated in the Order, Plaintiff's motion did not satisfy these standards; it amounted to disagreement with Judge Allen's recommended disposition rather than identification of any controlling authority or fact that the judge overlooked. (*See generally* Order Denying Recons.) The Court has nevertheless reviewed the R&R and the entire record. Because no timely, specific Rule 72(b) objections were filed, the Court may adopt Judge Allen's findings unless they are clearly erroneous. *See N.J. Zinc Co.*, 828 F.2d at 1005. Nevertheless, the Court has reviewed the R&R and the record *de novo* and finds that Judge Allen's legal analysis and the disposition are correct for the reasons that follow.

### B. Application of the *Poulis* Factors

In considering whether to dismiss a complaint for failure to comply with procedural rules or a court order, courts apply the six-factor *Poulis* test. 747 F.2d at 868. Those factors are: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of

dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the availability and effectiveness of alternative sanctions; and (6) the meritoriousness of the claim. *Id.* No single *Poulis* factor is dispositive; the Court's task is to weigh them in aggregate and to sanction only when the balance so warrants. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Judge Allen correctly applied all six *Poulis* factors.

    1. Personal Responsibility of the Plaintiff

The first *Poulis* factor "evaluates whether a party or counsel is primarily responsible for the conduct at issue." *Johnson v. Walmart Stores E., LP*, 772 F. Supp. 3d 551, 557 (D.N.J. 2025). Counseled parties rely on their attorneys; *pro se* litigants, by contrast, are "solely responsible" for the progress of their cases. *Briscoe v. Klaus*, 538 F.3d 252, 258–59 (3d Cir. 2008). Plaintiff, proceeding *pro se*, bore the responsibility to comply with the scheduling and discovery orders governing his case.

As the June 15, 2023 Order made clear, written discovery was substantially complete, and the case was to proceed to depositions. The Letter Order also directed the parties to meet and confer, to submit scheduling letters by July 7, 2023, and to complete fact discovery by August 30, 2023. (*See* June 15, 2023 Order.) The June 15, 2023 Order further warned that there would be no further extensions absent extenuating circumstances. (*Id.*) Moreover, Judge Allen's subsequent July 19, August 4, and August 14, 2023 Orders plainly put Plaintiff on notice that depositions—including his own—were on a fixed schedule. Plaintiff nevertheless failed to appear for his own deposition without any adequate explanation. (*See* ECF Nos. 239, 240; R&R at 3–4.) Under these facts, the first *Poulis* factor weighs in favor of dismissal. *See Briscoe*, 538 F.3d at 258-59.

    2. Prejudice to the Adversary

7

The second *Poulis* factor considers the prejudice to Defendants resulting from Plaintiff's conduct. *Poulis*, 747 F.2d at 868. This is "a particularly important factor." *Hildebrand v. Allegheny County*, 923 F.3d 128, 134 (3d Cir. 2019). Prejudice does not mean irreparable harm. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Id.* This "include[s] the burden that a party must bear when forced to file motions in response to the strategic discovery tactics of an adversary." *Id.* at 223.

Defendants have demonstrated concrete prejudice. The R&R reflects Judge Allen's assessment that written discovery was substantially complete and that Defendants had received voluminous third-party records such that depositions were necessary to complete fact development. (R&R at 2–3.)[3] Plaintiff's refusal to appear frustrated Defendants' ability to complete discovery, forced them to expend time and resources preparing for a deposition that did not occur, and impeded their capacity to prepare dispositive motions or trial strategy. (*See* ECF Nos. 239, 240, 243-1 at 7–9; R&R at 3–4, 6–7.) This factor thus weighs in favor of dismissal.[4]

---

[3] The record indicates that Defendants obtained extensive third-party documentation during the two-year discovery period, including (1) Social Security Administration ("SSA") records produced following multiple extensions and court directives beginning in October 2021 (*see* ECF Nos. 100, 136, 162, 178, 176); (2) certified unemployment compensation records from the New Jersey Department of Labor and Workforce Development ("NJDOL"), produced August 25, 2021, and appended to Plaintiff's November 14, 2022 submission (ECF No. 189-1 at 2); and (3) related correspondence, subpoenas, and authorizations facilitating those productions (*see* ECF Nos. 184, 188, 189, 219). The June 15, 2023 Letter Order summarized these efforts, noting that Defendants had received "voluminous records regarding Plaintiff" from the SSA, that Plaintiff did not return the fully executed authorization until May 2, 2023, and that NJDOL had certified its prior production as a "true and accurate representative of the records maintained" by the agency. (June 15, 2023 Order at 2–3.) Collectively, these materials provided a complete evidentiary foundation for the parties to proceed to depositions.

[4] Courts have found dismissal is appropriate where a party's failure to comply with discovery obligations is prejudicial. *Razzoli v. Jersey City Police Dep't*, No. 16-5545, 2019 WL 2720772, at *4 (D.N.J. Apr. 26, 2019), *report and recommendation adopted*, No. 16-5545, 2019 WL 2717723 (D.N.J. June 27, 2019) (noting that failure to comply with discovery obligations may prejudice adversary by "impeding a party's ability to prepare effectively a full and complete trial strategy.") (quoting *Ware*, 322 F.3d at 222). Prejudice has been demonstrated when a movant is "forced to file several motions and expend significant time and resources to obtain relevant discovery." *Malat v. Borough of Haddon Heights*, No. 10-1386, 2011 WL 4962223, at *3 (D.N.J. Oct. 3, 2011), *report and recommendation adopted*, No. 10-1386, 2011 WL 4962186 (D.N.J. Oct. 18, 2011) (citation omitted).

3. History of Dilatoriness

The third *Poulis* factor considers a history of dilatoriness. *See Poulis*, 747 F.2d at 868. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Johnson*, 772 F. Supp. 3d at 558 (quoting *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994)). "Courts have found a history of dilatoriness supporting dismissal when a plaintiff's failure to comply with court orders, appear for hearings, or engage in discovery is extensive and repeated." *Id.* (quoting *Reilly v. Home Depot U.S.A., Inc.*, 670 F.Supp.3d 126, 144 (D.N.J. 2023)). "While extensive delay may weigh in favor of dismissal, 'a party's problematic acts must be evaluated in light of its behavior over the life of the case.'" *Hildebrand*, 923 F.3d at 135 (quoting *Adams*, 29 F.3d at 875).

The record establishes a history of dilatory conduct. Plaintiff ignored four of Judge Allen's Orders to schedule and appear for his deposition. (*See* R&R at 7–9 (detailing repeated orders); June 15, 2023 Order; July 19, 2023 Order; Aug. 4, 2023 Order; Aug. 14, 2023 Order).) Plaintiff twice indicated his availability for deposition and twice failed to appear despite multiple scheduling extensions and explicit written warnings that additional delay would not be tolerated. (R&R at 7–9.)

4. Willfulness and Bad Faith

The fourth *Poulis* factor weighs "whether the conduct was 'the type of willful or contumacious behavior which was characterized as flagrant bad faith.'" *Briscoe*, 538 F.3d at 262 (quoting *Adams,* 29 F.3d at 875). Willfulness "involves intentional or self-serving behavior." *Id.* (quoting *Adams*, 29 F.3d at 875). "This factor applies upon 'callous disregard of responsibilities' by a party or counsel, not merely 'negligent behavior.'" *Johnson*, 772 F. Supp. 3d at 559 (quoting *Reilly*, 670 F.Supp.3d at 145). "[W]here the record is unclear as to whether a party acted

9

in bad faith, a consistent failure to obey orders of the [C]ourt, at the very least, renders a party's actions willful for the purposes of the fourth *Poulis* factor." *Yancey v. Wal-Mart Corp.*, No. 15-6646, 2022 WL 972489, at *10 (D.N.J. Jan. 31, 2022) (alterations in original) (quoting *Hayes v. Nestor*, No. 09-6092, 2013 WL 5176703, at *5 (D.N.J. Sept. 12, 2013)).

As Judge Adams found, the record does not reflect bad faith. But Plaintiff's failure to comply with *four* court orders indicates willfulness.

### 5. Effectiveness of Alternative Sanctions

The fifth *Poulis* factor requires the Court to consider whether less severe sanctions could remedy the misconduct, as dismissal is a sanction of last resort. *Hildebrand*, 923 F.3d at 136. Alternatives include "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees or the preclusion of claims or defenses." *Yancey*, 2022 WL 972489, at *10 (quoting *Hayes*, 2013 WL 5176703, at *5).

Judge Allen, correctly and prudently, considered whether lesser sanctions would suffice. The Court previously afforded Plaintiff multiple extensions to complete briefing and to provide deposition availability (*see* ECF Nos. 247–51), and the June 15, 2023 Order reflects the Court's view that additional third-party discovery was not a valid reason to postpone depositions indefinitely (June 15, 2023 Order). Given that pattern of delay and the practical limitations of monetary sanctions against a *pro se* litigant, Judge Allen correctly concluded that alternative sanctions would be ineffective. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002); *Mindek*, 964 F.2d at 1373. This factor, therefore, supports dismissal.

### 6. Merits of the Claim

The sixth *Poulis* factor considers whether the complaint would survive a Rule 12(b)(6) motion to dismiss. *Briscoe*, 538 F.3d at 263. The record, however, does not permit the Court to resolve the merits conclusively because Plaintiff's obstruction curtailed fact development. Where

a party's noncompliance prevents the adversary and the Court from ascertaining the factual basis of a claim, the "meritoriousness" factor necessarily carries reduced weight. *See Hildebrand*, 923 F.3d at 136 (explaining that the "meritoriousness" inquiry under *Poulis* asks whether the allegations, if established, would support recovery, but that the factor is not dispositive when other factors strongly favor dismissal). Nevertheless, the absence of a clear merits disposition does not bar dismissal where the remaining *Poulis* factors—particularly personal responsibility, prejudice to the adversary, a pattern of dilatoriness, and the futility of lesser sanctions—decisively support that outcome. *See Mindek*, 964 F.2d at 1373 ("Not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. The decision must be made in the context of the district court's extended contact with the litigant.") (cleaned up); *Emerson*, 296 F.3d at 191 (affirming dismissal where plaintiff's repeated failure to comply with orders justified the sanction notwithstanding the uncertain merits of his claims).

Accordingly, while the "meritoriousness" factor may be neutral or indeterminate in light of the limited factual record, it does not outweigh the strong showing under the remaining *Poulis* factors that dismissal with prejudice is warranted.

### C. *Pro Se* Considerations

The Court construes *pro se* filings liberally and gives *pro se* litigants some procedural leniency. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). But leniency does not exempt a *pro se* litigant from complying with rules and court orders. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–631 (1962) (recognizing a district court's inherent authority to dismiss for failure to prosecute).

Here, Judge Allen appropriately balanced those *pro se* considerations against the Court's and Defendants' legitimate interests in ensuring compliance with discovery obligations and preventing prejudice. (*See* R&R at 9–10 (acknowledging Plaintiff's *pro se* status but concluding that dismissal was nevertheless warranted after multiple warnings and opportunities to comply).) That balance warrants deference and is appropriate.

## IV. CONCLUSION

For the reasons stated herein, the Court **ADOPTS** Judge Allen's R&R (ECF No. 254). Accordingly, Defendants' cross-motion to dismiss (ECF No. 243) is **GRANTED,** and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *with prejudice* for failure to appear for his deposition and failure to comply with court orders, pursuant to Fed. R. Civ. P. 37(b) and 41(b). Further, Plaintiff's motion to extend fact discovery (ECF No. 241) is **DISMISSED AS MOOT**. An appropriate Order follows.

**DATED:** January 16th, 2026

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge