**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRIAN L. TAYLOR,<br><br>                 Plaintiff,<br><br>v.<br><br>AM RETAIL GROUP, INC., *et al.*,<br><br>                 Defendants. | Civil Action No. 20-3158 (JXN)(JSA)<br><br><br>**OPINION** |

**NEALS**, District Judge

This is a motion for reconsideration. On November 14, 2023, Magistrate Judge Adams filed a Report and Recommendation ("R&R") recommending this Court dismiss *pro se* Plaintiff Brian L. Taylor's ("Plaintiff") complaint with prejudice for failure to provide discovery or comply with court orders. (ECF No. 254.) Plaintiff did not timely object to the R&R, which the Court adopted. (ECF Nos. 262, 263.) Over one month later, Plaintiff moved for this Court to reconsider the adoption of Judge Allen's R&R. (ECF No. 266.) Defendants AM Retail Group and Shawndale Jackson ("Defendants") opposed. (ECF No. 267.) The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure[1] 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion for reconsideration (ECF No. 266) is **DENIED**.

## I.    BACKGROUND

Plaintiff filed this action in New Jersey Superior Court in August 2019. (Defs.' Ex. A ("Compl."), ECF No. 1.) Defendants timely removed. (*See* Notice of Removal, ECF No. 1.)

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Broadly, the Complaint alleges employment-related discrimination and statutory violations. (*See generally* Compl.) Discovery ensued and disputes arose. (*See* Op. at 1–4, ECF No. 262.) After Plaintiff repeatedly refused to meet his discovery obligations, ignored Judge Allen's discovery orders, and did not appear at his own deposition, on August 31, 2023, Defendants moved to dismiss the Complaint with prejudice pursuant to Rules 37(b)(2) and 41(b). (Defs.' Mot. to Dismiss, ECF No. 243.) Plaintiff cross-moved to extend fact discovery. (Pl.'s Mot. to Extend, ECF No. 241.)

On November 14, 2023, Judge Allen issued a thorough and carefully reasoned R&R recommending that the Court grant Defendants' motion to dismiss and deny Plaintiff's motion to extend. (*See* R&R, ECF No. 254.) Plaintiff did not file objections to the R&R with this Court. (*See* Op. at 4.) Instead, on November 28, 2023, Plaintiff moved for reconsideration before Judge Allen. (First Mot. for Recons., ECF No. 255.) Judge Allen denied Plaintiff's motion for reconsideration on December 26, 2023. (Order Denying Recons., ECF No. 260.) Plaintiff did not appeal the denial.

On January 16, 2026, the Court adopted Judge Allen's R&R after a *de novo* review of the *Poulis*[2] factors. (*See generally* Op; Order, ECF No. 263.) On February 9, 2026, Plaintiff requested permission (1) for the Court to consider its earlier Opinion and Order as having been received on February 3, 2026, and (2) to file an over-length brief for reconsideration. (*See* Pl.'s Letter, ECF No. 264.) Two weeks later, on February 17, 2026, Plaintiff moved for the Court to reconsider adopting Judge Allen's R&R and filed a fifty-six-page brief. (Second Mot. for Recons., ECF No. 266.) Defendants opposed. (Def.'s Opp'n, ECF No. 267.)

---

[2] *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (articulating six factors guiding dismissal for failure to prosecute or comply with court orders, including (1) personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willfulness or bad faith, (5) availability of lesser sanctions, and (6) meritoriousness of the claim); *see also* R&R at 6–9 (analyzing each *Poulis* factor and concluding that the balance "strongly weighs in favor of dismissal of the case").

## II.    LEGAL STANDARD

Local Civil Rule 7.1(i) governs motions for reconsideration. Reconsideration is "an extraordinary remedy" courts grant "very sparingly." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp 2d 482, 507 (D.N.J. 2002) (citations omitted). The Court may grant a motion for reconsideration if the moving party shows (1) "an intervening change in the controlling law"; (2) "the availability of new evidence that was not available when the court granted the motion"; or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Adkins v. Sogliuzzo*, 820 F. App'x 146, 149 (3d Cir. 2020) (quoting *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017)).

A motion for reconsideration "is not an appeal." *Interfaith Cmty. Org.*, 215 F. Supp 2d at 507. The moving party may not "relitigate old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order." *Bosco v. Compass Grp. USA, Inc.*, No. 22-6909, 2026 WL 800530, at *2 (D.N.J. Mar. 23, 2026) (quoting *Martinez v. Robinson*, No. 18-1493, 2019 WL 4918115, at *1 (D.N.J. Oct. 4, 2019)). The Court will not grant a reconsideration motion based on "[m]ere disagreement with a decision of the District Court." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). Rather, the Court will grant a reconsideration motion "only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (citation omitted).

The Court affords "greater leeway to *pro se* litigants" like Plaintiff. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). But this flexibility has limits. *Id.* at 245. *Pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

3

## III.    DISCUSSION

### A.    Plaintiff's Motion is Untimely

As a threshold matter, Plaintiff did not timely move for reconsideration. Local Civil Rule 7.1(i) gives parties fourteen days from the entry of an order to file and serve a motion for reconsideration. This Court issued its Order adopting Judge Allen's R&R on January 16, 2026. (*See* Op.; Order.) Thus, Plaintiff had until January 30, 2026 to move for reconsideration.

Plaintiff did not file his motion until February 17, 2026—eighteen days past the deadline. Plaintiff does not explain why the Court should accept his late motion.[3] The Court, accordingly, denies Plaintiff's motion for reconsideration as untimely.[4] *See McKinney v. Fitzgerald*, No. 18-12987, 2024 WL 1344022, at *2 (D.N.J. Mar. 5, 2024) (denying *pro se* plaintiff's reconsideration motion as untimely); *Frazier v. Kuhn*, No. 21-16842, 2024 WL 361196, at *2 (D.N.J. Jan. 31, 2024) (same).

### B.    Reconsideration is Unwarranted

In any event, Plaintiff offers no valid basis for reconsideration. Plaintiff, in a fifty-six-page brief filed without leave of court,[5] argues the Court should grant his reconsideration motion because: (1) courts are lenient towards *pro se* litigants (*see* Second Mot. for Recons. at 35–40); (2)

---

[3] Nor will the Court relax the filing deadline because simply Plaintiff is *pro se*. Unrepresented litigants "must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245.

[4] The Court briefly notes that, in a February 9, 2026 letter Plaintiff wrote to the Court requesting permission to file an overlength brief, Plaintiff stated he received the Court's Order on February 3, 2026. (*See* Pl.'s Letter at 1.) When Plaintiff received the Order is irrelevant. The time to file a reconsideration motion begins to run "after the *entry of the order* or judgment on the original motion." L. Civ. R. 7.1(i) (emphasis added).

[5] Local Civil Rule 7.2 limits briefs in support of reconsideration to fifteen pages. "Briefs of greater length will only be accepted if special permission of the Judge is obtained prior to submission of the brief." *Id.* Plaintiff filed his fifty-six-page brief without the Court's permission. The Court could strike Plaintiff's extensively overlength brief. *See Foulke v. Twp. of Cherry Hill*, No. 23-2543, 2024 WL 3568841, at *4 n.1 (D.N.J. July 29, 2024) ("Usually, the Court would strike an overlength reply brief where a party had failed to obtain the Court's prior written consent, especially if a submission were egregiously overlength."). But, for the sake of thoroughness, the Court addresses the arguments contained therein.

4

Plaintiff's recent re-diagnosis with mental illness is new information (*id*. at 42–45); and (3) Magistrate Judge Allen erred in recommending the Court dismiss the Complaint with prejudice (*see generally id*.)

Plaintiff's arguments lack merit. First, Judge Allen and this Court expressly considered Plaintiff's *pro se* status but concluded "leniency does not exempt a *pro se* litigant from complying with rules and court orders." (Op. at 11; *see also* R&R at 9–10.) Unrepresented parties must follow the same rules as everyone else. *Mala*, 704 F.3d at 245. As Judge Allen correctly concluded, and this Court agrees, Plaintiff's repeated failure to do so warranted dismissal with prejudice.

Second, Plaintiff's recent re-diagnosis with mental illness does not warrant reconsideration. To permit reconsideration based on newly available evidence, the moving party must (1) present new evidence "that would alter the disposition of the case"; and (2) demonstrate that the evidence "was unavailable or unknown at the time of the original hearing." *Interfaith Cmty. Org. Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 317 (D.N.J. 2010). Plaintiff fails at both steps. To start, Plaintiff's *re*-diagnosis of mental illness is not new evidence. Indeed, Plaintiff expressly asserts the Court "has been well aware of" his mental health issues "from the beginning" of this case. (Second Mot. for Recons. at 42.) More to the point, Plaintiff has not demonstrated his known mental health challenges would have altered this Court's decision to adopt Judge Allen's thoroughly reasoned and unopposed R&R after a *de novo* review.

Third, Plaintiff may not use his motion for reconsideration as a vehicle to attack the R&R. Reconsideration is not "an opportunity for a litigant to raise new arguments." *Red Roof Franchising LLC, Inc. v. AA Hosp. Northshore, LLC*, 937 F. Supp. 2d 537, 543 (D.N.J. 2013), *aff'd sub nom. Red Roof Franchising, LLC v. Patel*, 564 F. App'x 685 (3d Cir. 2014). Reconsideration is "improper when a party should have raised an argument earlier." *Sarpolis v.*

5

*Tereshko*, 625 F. App'x 594, 599 (3d Cir. 2016). After Judge Allen issued the R&R, Plaintiff had fourteen days to file objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L. Civ. R. 72.1(c)(2). He did not. And, while Plaintiff moved for Judge Allen to reconsider the R&R, he did not appeal the denial of his motion. Plaintiff cannot use the instant reconsideration motion as an opportunity to file his objections now, nearly three years later.

## IV.    **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration (ECF No. 266) is **DENIED**. An appropriate Order accompanies this Opinion.

**DATED: 7/13/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**

6