**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BRIAN L. TAYLOR,<br><br>        Plaintiff,<br><br>v.<br><br>AM RETAIL GROUP, INC., *et al*.,<br><br>        Defendants. | Civil Action No. 20-3158 (JXN)(JSA)<br><br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Brian L. Taylor's ("Plaintiff") motion for leave to appeal *in forma pauperis* ("IFP") pursuant to Federal Rule of Appellate Procedure[1] 24(a) and 28 U.S.C. § 1915(a)(1). (ECF No. 271.) The Court has carefully considered Plaintiff's motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure[2] 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion for leave to appeal IFP is **DENIED**.

**I.    BACKGROUND**

Plaintiff sued Defendants AM Retail Group and Shawndale Jackson ("Defendants") in New Jersey Superior Court in August 2019. (Defs.' Ex. A ("Compl."), ECF No. 1.) Defendants timely removed. (*See* Notice of Removal, ECF No. 1.)

Discovery ensued and disputes arose. (*See* Op. on R&R at 1–4, ECF No. 262.) After Plaintiff repeatedly refused to meet his discovery obligations, ignored Judge Allen's discovery orders, and did not appear at his own deposition, on August 31, 2023, Defendants moved to dismiss

---

[1] "Appellate Rule" or "Appellate Rules" hereinafter refer to the Federal Rules of Appellate Procedure.

[2] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

the Complaint with prejudice pursuant to Rules 37(b)(2) and 41(b). (Defs.' Mot. to Dismiss, ECF No. 243.) Plaintiff cross-moved to extend fact discovery. (Pl.'s Mot. to Extend, ECF No. 241.)

On November 14, 2023, Judge Allen issued a thorough and carefully reasoned R&R recommending that the Court grant Defendants' motion to dismiss and deny Plaintiff's motion to extend. (*See* R&R, ECF No. 254.) Plaintiff did not file objections to the R&R with this Court. (*See* Op. on R&R at 4.) Instead, on November 28, 2023, Plaintiff moved for reconsideration before Judge Allen. (First Mot. for Recons., ECF No. 255.) Judge Allen denied Plaintiff's motion for reconsideration on December 26, 2023. (Order Denying Recons., ECF No. 260.) Plaintiff did not appeal the denial.

On January 16, 2026, the Court adopted Judge Allen's R&R after a *de novo* review of the *Poulis*[3] factors. (*See generally* Op on R&R; Order, ECF No. 263.) On February 9, 2026, Plaintiff requested permission (1) for the Court to consider its earlier Opinion and Order as having been received on February 3, 2026, and (2) to file an over-length brief for reconsideration. (See Pl.'s Letter, ECF No. 264.)

On February 17, 2026, Plaintiff moved for the Court to reconsider adopting Judge Allen's R&R and filed a fifty-six-page brief. (Second Mot. for Recons., ECF No. 266.) Defendants opposed. (Def.'s Opp'n, ECF No. 267.)

On July 13, 2026, the Court denied Plaintiff's motion for reconsideration for two reasons. (*See* Recons. Op., ECF No. 268.) First, the Court denied Plaintiff's motion as untimely. (*Id.* at 4.) Plaintiff had fourteen days from the date the Court adopted the R&R to move for reconsideration.

---

[3] *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (articulating six factors guiding dismissal for failure to prosecute or comply with court orders, including (1) personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willfulness or bad faith, (5) availability of lesser sanctions, and (6) meritoriousness of the claim); *see also* R&R at 6–9 (analyzing each Poulis factor and concluding that the balance "strongly weighs in favor of dismissal of the case").

2

He waited thirty-two days to file his motion. (*Id.*) Second, the Court concluded Plaintiff's motion presented no basis upon which to reconsider adopting the R&R. (*Id.* at 4–6.) Judge Allen and this Court expressly considered Plaintiff's *pro se* status; Plaintiff's self-disclosed mental health challenges did not constitute "new evidence"; and Plaintiff could not use a reconsideration motion as a vehicle to attack the unobjected-to R&R. (*Id.*)

Ten days later, on July 23, 2026, Plaintiff appealed the Court's denial of his reconsideration motion (Notice of Appeal, ECF No. 270), and moved for leave to appeal IFP before this Court (IFP Mot., ECF No. 271).

## II.   **LEGAL STANDARD**

Appellate Rule 24 governs IFP appeals. Generally, "a party to a district-court action who desires to appeal [IFP] must file a motion in the district court." Fed. R. App. P. 24(a)(1).[4] The motion must include an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). "If the district court denies the motion, it must state its reasons in writing." Fed. R. App. P. 24(a)(2).

"An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915 (b)(3). The Court uses an objective standard to measure good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A party appeals in good faith when he or she "seeks appellate review of any issue not frivolous." *Id.* Conversely, an appeal of a frivolous

---

[4] The Appellate Rules contain an exception for a party who was previously permitted to proceed IFP. Fed. R. App. P. 24(a)(3). Here, that exception does not apply because the Court has not, at any point, allowed Plaintiff to proceed IFP.

issue "is not taken in good faith." *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 455 n.6 (3d Cir. 1996) (quoting *Oatess v. Sobolevitch*, 914 F.2d 428, 430 n.4 (3d Cir. 1990)). "An appeal is frivolous where none of the legal points is arguable on its merits." *Muhammad El Ali v. Vitti*, 218 F. App'x 161, 163 (3d Cir. 2007). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact.").

## III.  DISCUSSION

Plaintiff's motion does not comply with Appellate Rule 24's procedural requirements. Plaintiff filed the incorrect financial affidavit,[5] did not claim an "entitlement to redress," and failed to state the issues he "intends to present on appeal." (*Id.*) The Court **denies** Plaintiff's motion on that basis alone. *See Livingston v. Gallina*, No. 24-8862, 2025 WL 332273, at *1 (D.N.J. Jan. 29, 2025) (denying leave to appeal IFP where movant "filed the incorrect form and failed to claim an entitlement to redress and disclose what issues he intends to present on appeal.").

In any event, "this Court, on its own, fails to find any claim Plaintiff could raise in good faith." *Karupaiyan v. Singh*, No. 21-15996, 2022 WL 6673683, at *2 (D.N.J. Jan. 13, 2022). The denial of a motion for reconsideration is reviewed for abuse of discretion. *Long v. Atl. City Police Dep't*, 670 F.3d 436, 446–47 (3d Cir. 2012). "An abuse of discretion occurs only where the district court's decision is arbitrary, fanciful, or clearly unreasonable—in short, where no reasonable person would adopt the district court's view." *United States v. Foster*, 891 F.3d 93, 107 n.11 (3d Cir. 2018) (quoting *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010)).

The Court concludes it correctly denied Plaintiff's reconsideration motion. First, it was untimely. Nor did Plaintiff offer any excuse for his lateness. That alone warrants denial. *See*

---

[5] Appellate Rule 24(a)(1)(A) requires the moving party to show "in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs." Plaintiff instead provided the long form IFP application used for proceeding before the District Court. (IFP Mot.)

4

*McKinney v. Fitzgerald*, No. 18-12987, 2024 WL 1344022, at \*2 (D.N.J. Mar. 5, 2024) (denying *pro se* plaintiff's reconsideration motion as untimely); *Frazier v. Kuhn*, No. 21-16842, 2024 WL 361196, at \*2 (D.N.J. Jan. 31, 2024) (same).

Next, Plaintiff's reconsideration motion is meritless. Again, the Court adopted the unobjected-to R&R after a careful *de novo* review. Plaintiff's belated arguments to the contrary are unavailing. His *pro se* status provided no plausible excuse for persistent non-compliance with Court Orders. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (*pro se* litigants "cannot flout procedural rules."). Plaintiff's mental health re-diagnosis is not new information warranting reconsideration because as Plaintiff asserts, the Court knew about his mental health challenges from the beginning. *Interfaith Cmty. Org. Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 317 (D.N.J. 2010) (new information must be "unavailable or unknown at the time of the original hearing."). Plaintiff cannot use reconsideration to make new objections three-and-a-half years after Judge Allen issued the R&R. *Sarpolis v. Tereshko*, 625 F. App'x 594, 599 (3d Cir. 2016) (reconsideration is "improper when a party should have raised an argument earlier."). In sum, Plaintiff lacks any plausible legal or factual basis to show "no reasonable person would adopt the district court's view" in denying his reconsideration motion. *Foster*, 891 F.3d at 107 n.11 (citation omitted). Accordingly, the Court finds his appeal is frivolous.

Therefore, the Court certifies Plaintiff's appeal is not taken in good faith.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to appeal IFP (ECF No. 271) is

**DENIED**. An appropriate Order accompanies this Opinion.

**DATED:** 7/24/2026

**JULIEN XAVIER NEALS**
**United States District Judge**

6